By the Court.
Counsel for the plaintiff in error rely upon the case of Burke v. Railway Company, 45 Ohio St., 631, as authority for the conclusion that the order of the court of common pleas in this case was reviewable under Section 6709 as a final order, and that it is within the definition of a final order as given in Section 6707, Revised Statutes. It is not claimed that the court of common pleas in allowing the temporary injunction rendered a final judgment in the case, or that it made an order which determines an action and prevents a judgment. The *473 precise claim is, that it made “an order affecting a substantial right made in a special proceeding.” Whether the order involved in the case of Burke v. Railway Company was or was not an order affecting a substantial right made in a special proceeding, it is entirely clear that the order in the present case is not of that character. This was a suit for injunction. The order of the court of common pleas was not ancillary to the exercise of its jurisdiction upon any other subject. The application for, and allowance of, the temporary injunction was a part of the ancient suit in equity administered in the main case without any provision of the statute authorizing it, or providing for it, as a proceeding in an action. There was no occasion for dividing up the case, leaving part of it in the court of common pleas, while a part of it was taken to the circuit court. The questions involved in the allowance of the temporary injunction were not different from those which would be involved in a consideration of the final judgment, and the case should have been disposed of wholly in the court of common pleas, before a resort was had to the jurisdiction of the circuit court. This view of the subject derives some support from the provisions of Section 5226, Revised Statutes, providing for an appeal to the circuit court from an interlocutory order dissolving an injunction, as well as from what we understand to have been the consistent practice upon the subject.

Judgment affirmed.

Summers, C. J., Crew, Spear, Davis, Shauck and Price, JJ., concur.